## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

STATE FARM FIRE AND CASUALTY
COMPANY a/s/o JAMES L. ELKIN

OCTOBER 2, 2014

        Plaintiff,

Case No. _____.

vs.

JURY DEMANDED

OMEGA FLEX, INC.,

        Defendant.

### COMPLAINT

Plaintiff State Farm Fire and Casualty Company as subrogee of James L. Elkin, by and through undersigned counsel, hereby alleges as follows:

### THE PARTIES

1.    Plaintiff State Farm Fire and Casualty Company is a foreign corporation that, at the time of the events giving rise to this cause of action, provided property insurance coverage to its insured James L. Elkin (hereinafter "Plaintiff's Insured").

2.    Defendant Omega Flex, Inc. (hereinafter "Defendant Omega Flex") is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania with a place of business listed with the Connecticut Secretary of State located at 213 Court St., Ste. 1001, Middletown, CT 06457.

### JURISDICTION AND VENUE

3.    Jurisdiction is founded upon diversity of citizenship pursuant to 28 U.S.C. §1332. The matter in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

4.    Venue is proper in this jurisdiction pursuant to 28 U.S.C. §1391(c), as the Defendant has a registered place of business in Middletown, CT and is subject to the court's personal jurisdiction.

## FACTS

5.    Simonini Builders of South Carolina, Inc. (hereinafter "Simonini") built a new residential home at 4101 Ten Shillings Way in Ravenel, Charleston County, South Carolina 29676 (hereinafter the "House").

6.    At all times material hereto, Plaintiff's Insured owned and resided in the House.

7.    During original construction, yellow-jacketed corrugated stainless steel tubing identified by trade name TracPipe (hereinafter the "CSST") was installed in the House.

8.    The CSST was installed in the House during original construction to provide a path for the distribution of gas to gas logs in a fireplace.

9.    The CSST was manufactured, marketed, and distributed by Defendant Omega Flex.

10.    The CSST was sold and installed by Simonini.

11.    In or about May, 2011, a cloud-to-tree lightning event occurred near the House (hereafter "Lighting Strike").

12.    The Lightning Strike did not make direct contact with the House.

13.    Prior to May, 2011, Plaintiff's Insured closed the gas valve to prevent the flow of gas to the gas logs because the fireplace was not used during the warmer months.

14.    On October 2, 2011, Plaintiff's Insured opened the gas valve to allow gas to flow to the gas logs.

15.    On October 2, 2011, after opening the gas valve, Plaintiff's Insured lit the pilot light at the gas logs.

16.    On October 2, 2011, approximately 2 hours after Plaintiff's Insured lit the pilot light at the gas logs, an explosion occurred in the chase around the fireplace.

17.    Electricity from the Lightning Strike indirectly energized the CSST.

18.    While seeking a path with a lower voltage potential and lowest impedance which provides the fastest and easiest path to ground, the electricity from the Lightning Strike that energized the CSST arced from the CSST to a nearby conductive material.

19.    The electrical arc created a hole in the wall of the CSST.

20.    Pressurized gas inside the CSST escaped through the hole created by the arc.

21.    The gas escaping from the CSST filled the chase around the fireplace.

22.    The gas filling the chase around the fireplace flowed towards the pilot light at the gas logs.

23.    The escaped gas in the chase around the fireplace was ignited by the pilot light at the gas logs, resulting in an explosion and fire (hereinafter the "Explosion") which damaged the House and contents within the House.

24.    The Explosion caused Plaintiff's Insured to incur significant fire, smoke and water damage to the House and the contents in the House.

25.    From the time that Plaintiff's Insured first took possession of the House until the time of the Explosion, no one warned Plaintiff's Insured that the House was defective or was built with defective components.

26.    At the time of the Explosion, Plaintiff's Insured had a valid and enforceable insurance policy with Plaintiff (hereinafter the "Policy").

27.    Pursuant to its obligations under the Policy, Plaintiff paid Plaintiff's Insured $601,178.79 for the damages incurred as a result of the Explosion.

28.     Having paid Plaintiff's Insured for the damages incurred as a result of the Explosion, Plaintiff is contractually and equitably subrogated to the rights and claims of Plaintiff's Insured.

29.     Simonini filed corporate dissolution papers and was dissolved on May 8, 2013 (See attached Exhibit A).

## COUNT I:  PRODUCTS LIABILITY

30.     Plaintiff incorporates and re-alleges the preceding paragraphs as if fully set forth herein.

31.     Defendant Omega Flex manufactured the CSST.

32.     Defendant Omega Flex placed the CSST into the stream of commerce.

33.     The CSST in the House is the type of product that Defendant Omega Flex is in the business of designing, manufacturing, selling, and/or distributing.

34.     The CSST was not abused, misused, or altered in any way by Plaintiff's Insured from the condition in which the CSST was manufactured and supplied by Defendant Omega Flex.

35.     Defendant Omega Flex is liable and legally responsible to the Plaintiff for damages caused by the Explosion by virtue of Connecticut General Statutes Section 52-572 (m) et. seq. in one or more of the following respects:

> a.   The CSST was defective and unreasonably dangerous due to its inability to withstand exposure to energy associated with a foreseeable lightning strike;
>
> b.   The CSST was defective and unreasonably dangerous due to its inability to withstand exposure to a foreseeable electric arc between the CSST and a nearby conductive material;
>
> c.   The CSST was defective and unreasonably dangerous due to its inability to safely dissipate an electrical charge after being energized by a foreseeable lightning strike;

LEGAL\20266119\1

d.   The CSST was defective and unreasonably dangerous due to the insufficient, inadequate, and/or improper installation instructions provided by Defendant Omega Flex;

e.   The CSST was defective and unreasonably dangerous because it was susceptible to failure when exposed to known and foreseeable conditions and/or dangers in a residential property;

f.   The CSST was defective and unreasonably dangerous due to inadequate wall thickness and an inadequate protective insulating covering;

g.   The CSST was defective and unreasonably dangerous in that it was in a condition not contemplated by its consumers and unusually dangerous for use in a residence.

h.   The CSST was designed, manufactured and sold in a condition that Defendant Omega Flex knew, or should have known, subjected the property of others to foreseeable and unreasonable risk of harm;

i.   The CSST was designed, manufactured and sold in a condition that was neither merchantable nor fit for the purpose for which such products are ordinarily and foreseeable used;

j.   Defendant Omega Flex failed to provide proper and adequate warnings regarding the hazards associated with the foreseeable and ordinary use of the CSST;

k.   Defendant Omega Flex negligently designed and manufactured the CSST;

l.   Defendant Omega Flex was negligent in failing to properly and adequately test the CSST prior to placing the CSST into the stream of commerce;

LEGAL\20266119\1

    m. Defendant Omega Flex failed to design the CSST so that foreseeable failures of the CSST would not present a fire and/or explosion hazard;

    n. Defendant Omega Flex breached the implied warranty of merchantability in that the CSST was not merchantable for its intended purpose;

    o. Defendant Omega Flex breached its post-sale duty to warn sellers, consumers and end-users, including Plaintiff's Insured, of the dangerous nature and susceptibility of the CSST to energy from indirect and direct lightning strikes and the resulting risk of fire and/or explosion;

    p. The CSST in the House was defective in that the dangers presented by the CSST exceeded the benefits and utility associated with its design, and safer alternative designs were known and available to Defendant Omega Flex, to include, but not limited to, a product manufactured by Defendant Omega Flex which Defendant Omega Flex marketed as "400 times more resistant to the damaging effects of electrical energy than yellow CSST." (see attached Exhibit B).

36.   The CSST was in the above-described defective and unreasonably dangerous at the time the CSST left the possession and control of Defendant Omega Flex.

37.   The CSST was expected to and did reach Plaintiff's Insureds without substantial change in its condition.

38.   The CSST was used for its intended purpose and/or for a purpose that was reasonably foreseeable by Defendant Omega Flex.

39.   The defective and unreasonably dangerous condition of the CSST was the proximate cause of Plaintiff's previously described damages.

6

40.    As a direct result of the Defendant Omega Flex's liability pursuant to Connecticut General Statutes Section 52-572 (m), the Explosion occurred resulting in damage to the House and the contents in the House.

WHEREFORE, Plaintiff respectfully requests judgment against Defendant Omega Flex in an amount of $601,178.79, together with interest, the cost of this action, and such other relief as this Court deems just and proper.

DATED this 2nd day of October, 2014.

VEHSLAGE & LAHR, L.L.P.

By: _____
      Royce L. Vehslage, Esquire
      Vehslage & Lahr, L.L.P.
      1160 Silas Deane Highway, Suite 202
       Wethersfield, CT 06109
      (860) 257-7100 (phone)
      (860) 257-7104 (fax)
      Federal Bar# CT18006
      rvehslage@vllawgroup.com

      *Counsel for Plaintiff*

LEGAL\20266119\1