UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

STATE FARM FIRE & CASUALTY CO.,:
    Plaintiff,                     :         14cv1456 (WWE)
                               :
    v.                              :
                               :
OMEGA FLEX, INC.,              :
    Defendant.                  :

**MEMORANDUM OF DECISION ON MOTION TO DISMISS OR,
TO TRANSFER THIS ACTION TO THE DISTRICT OF SOUTH CAROLINA
PURSUANT TO 28 U.S.C. § 1404(a)**

In this products liability action, plaintiff alleges that a fire occurred on October 2, 2011, as a result of defects in gas corrugated stainless steel tubing manufactured and distributed by defendant Omega Flex that was installed in a South Carolina residence.

Defendant has filed a motion to dismiss or for transfer. For the following reasons, the motion to dismiss will be granted and the motion for transfer will be found as moot.

**DISCUSSION**

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King, 467 U.S. 69, 73 (1984). The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555

1

(2007).  A plaintiff is obliged to amplify a claim with some factual allegations to allow the court to draw the reasonable inference that the defendant is liable for the alleged conduct.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

     Choice of Law

Plaintiff asserts that Connecticut law applies to this product liability action. Defendant maintains that South Carolina law applies.

In order to determine the appropriate choice of state law in a diversity action, the Court must apply the conflict of law principles of the forum state.  Klaxon v. Stentor Electric Manufacturing Co., 313 U.S. 487 (1941).  Generally, "Connecticut applies the substantive law of the state with the most significant relationship to the lawsuit." Jaiguay v. Vasquez, 287 Conn. 323, 349 (2008).  Connecticut courts have generally adhered to the doctrine that the substantive rights and obligations arising out of a tort controversy are determined by the law of the place of injury, *lex loci delicti*; however, recently, Connecticut courts have applied the "most significant relationship test" as set forth in the Restatement (Second) Conflict of Laws. Rosenthal v. Ford Motor Co., 462 F. Supp. 2d 296, 301 (D. Conn. 2006);  O'Connor v. O'Connor, 201 Conn. 632, 637 (1986).

The Restatement Second Section 145 provides that the following contacts be taken into account: "(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered." The significance rather than the quantity of the contacts determines the choice of law.  O'Connor, 201 Conn. at 652-

653. The Court should consider contacts in the context of the following factors: (a) the needs of the interstate and international systems, (b) the relevant policies of the forum, (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue, (d) the protection of justified expectations, (e) the basic policies underlying the particular field of law, (f) certainty, predictability and uniformity of result, and (g) ease in the determination and application of the law to be applied." Restat. 2d § 6(2).

Plaintiff is the insurer of the owners of a house in South Carolina that incurred a fire in October 2011. Plaintiff has corporate offices in Illinois and Alabama. Omega has its principle place of business in Middletown, Connecticut, with corporate offices in Connecticut and Pennsylvania. Plaintiff alleges that the fire occurred due to an explosion caused by defective yellow-corrugated stainless steel tubing that was installed as a path for the distribution of gas to a gas fireplace. The tubing was manufactured, marketed and distributed by Omega Flex and installed on February 15, 2006.

South Carolina has the most significant relationship to this action. The fire occurred in South Carolina, and the allegedly defective tubing was installed in South Carolina. The parties' corporate connections to states outside of South Carolina appear to have minimal, if any, relationship to the product liability action alleged. Further, South Carolina has a significant interest in having its standards and laws applied to the alleged tort concerning a residence built within its borders. Accordingly, the Court finds that South Carolina law applies to this action.

Defendant argues that the South Carolina's eight-year statute of repose bars this action that was commenced on October 2, 2014.  Plaintiff counters that Connecticut's ten-year statute of limitations applies.

Generally, Connecticut courts consider a statute of limitation to be procedural, and therefore, Connecticut federal courts apply Connecticut's statute of limitation to common law diversity actions commenced in Connecticut district court.  Doe No. 1 v. Knights of Columbus, 930 F. Supp. 2d 337, 353 (D. Conn. 2013).  However, statutes of limitation or repose have been considered to be substantive where the relevant statute created a new statutory right that was not available at common law and the foreign statute of limitations is so interwoven with the cause of action as to become "one of the congeries of elements necessary to establish the right, that limitation goes with the cause of action wherever brought." Baxter v. Sturm, Ruger Co., 230 Conn. 335, 340 (1994).

While product liability actions existed at common law under South Carolina law, the legislature established a new cause of action in strict liability by adopting Restatement 402A.  See Bray v. Marathon Corp., 356 S.C. 111, 116 (2003).  Defendant maintains that in enacting the statute of repose, Section 15-3-640, the South Carolina legislature further created a specific right of action applicable only to product liability cases arising out of improvements to real property that are brought within eight years of substantial completion of the improvement or beyond eight years as agreed upon by the parties in a contractual agreement.

The Court agrees.  Section 15-3-640 creates a time frame in which a plaintiff may have a cause of action; the expiration of the repose period "extinguishes not only

4

the legal remedy but also all causes of action, including those which may later accrue as well as those already accrued." Capco of Summerville, Inc. v. J.H Gayle Const. Co., Inc., 368 S.C. 137, 143 (2006); see also Langley v. Pierce, 313 S.C. 401, 402 (1993) ("Statutes of repose are based upon considerations of the economic best interests of the public as a whole and are substantive grants of immunity based upon a legislative balance of the respective rights of potential plaintiffs and defendants struck by determining a time limit beyond which liability no longer exists."). Accordingly, the Court finds that satisfying the statute of repose's 8-year period constitutes one of the predicates necessary to establish the right of action.  The Court will grant the motion to dismiss on the basis of the South Carolina statute of repose.

## CONCLUSION

For the foregoing reasons, the motion to dismiss is GRANTED.  The motion for transfer is MOOT.  The clerk is instructed to close this case.

/s/ Warren W. Eginton
Warren W. Eginton
Senior United States District Judge

Dated this _21st__ day of October, 2015 in Bridgeport, Connecticut.